UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNPOWER CORPORATION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUNPOWER CALIFORNIA, LLC;<br>GREEN TECH SOLAR d/b/a Sunpower California; and Benjamin Jackson,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 21-CV-375-CAB-MSB<br><br>**ORDER GRANTING PLAINTIFF SUNPOWER CORPORATION'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**<br><br>[Doc. No. 21] |

On March 3, 2021, Plaintiff Sunpower Corporation ("Plaintiff") filed a complaint for trademark infringement and other related claims against Defendants Sunpower California, LLC, Green Tech Solar d/b/a Sunpower California, and Benjamin Jackson ("Defendants"). [Doc. No. 1.] On April 30, 2021, Defendants filed an Answer to the Complaint and Counterclaims against Plaintiff. [Doc. No. 19.] On May 21, 2021, Plaintiff filed a motion to dismiss the counterclaims. [Doc. No. 21.] On June 11, 2021, Defendants filed an opposition to the motion. [Doc. No. 26.] On June 18, 2021, Plaintiff filed a reply. [Doc. No. 27.] For the reasons set forth below, the motion to dismiss Defendants' counterclaims is **GRANTED WITH LEAVE TO AMEND**.

/ / / / /

/ / / / /

FACTUAL ALLEGATIONS OF COUNTERCLAIMS

Defendant LLCs were founded as early as 2014 by Ben Jackson as marketing/consulting companies with the intent to market sun-solar power to Southern California residents. [Doc. No. 19 at 8, ¶6.] Since Defendant LLCs' creation, Defendants have used their good reputation in the area to recommend and refer customers to Plaintiff, Plaintiff's dealers, and other installers. [*Id.* at 8, ¶7.]

Over that time period, Plaintiff and Defendants maintained a positive, working relationship and collaborated on numerous projects together. [*Id.* at 8, ¶8.] Defendants secured multiple celebrity endorsements for Plaintiff's products, secured hundreds of clients for Plaintiff, and generated significant revenue for Plaintiff. [*Id.* at 8, ¶9.] Most notably, Defendants were responsible for Plaintiff's relationship with the San Diego Padres and the installation of Plaintiff's solar panels at Petco Park, a project which Defendants originated and helped facilitate with Plaintiff as well as Plaintiff's largest Commercial Dealer that Defendants selected to assist and install. [*Id.* at 8, ¶10.]

Defendants are a solar energy marketing and consulting company, and have never manufactured, nor ever intended to manufacture solar panels or materials to create, build, or install solar panels. [*Id.* at 9, ¶11.] Defendants have never competed, nor ever intend to compete with Plaintiff in the field of solar panel manufacturing, distribution, or installation, or interfere with distribution. [*Id.* at 9, ¶12.]

Despite the positive business relationship between Plaintiff and Defendants over the years, Plaintiff has at various times interfered with Defendants' business relationships and contracts. [*Id.* at 9, ¶13.] For example, on information and belief, after organizing and facilitating the project with the San Diego Padres, Plaintiff instructed the Padres organization to stop working with Defendants and no longer involve Defendants in the project at Petco Park. [*Id.* at 9, ¶14.] After Plaintiff instructed the San Diego Padres to stop working with Defendants, Defendants were no longer involved in the project. [*Id.* at 9, ¶15.]

On information and belief, Plaintiff interfered with Defendants' business relationship with Milholland Electric Inc. ("Milholland") because Defendants did not give Plaintiff control of its website domain, www.sunpowercalifornia.com, and Milholland will no longer work with Defendants. [*Id.* at 9, ¶16.] On information and belief, Plaintiff interfered with Defendants' business relationship with Sullivan Solar Power of California Inc. ("Sullivan"), and Sullivan will no longer work with Defendants. [*Id.* at 9, ¶17.]

## LEGAL STANDARD

A [cross] complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff[cross-complainant]." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). Although a [cross]complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. Plaintiffs [cross-complainants] must allege "plausible grounds to infer" that their claims rise "above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a [cross] complaint states a plausible claim for relief" is a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

DISCUSSION

1. Intentional Interference (Count III).

A claim for intentional interference with prospective economic advantage requires (1) an economic relationship between the plaintiff and a third party with the probability of future economic benefit to the plaintiff, (2) defendant's knowledge of that relationship, (3) defendant's intentional, independently wrongful act to disrupt the relationship, (4) actual disruption, and (5) economic harm to the plaintiff. *Marsh v. Anesthesia Serv. Med. Group. Inc*., 200 Cal.App.4th 480, 504 (2011) (*citing Korea Supply v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1153 (2003)).

Here, Defendants have not sufficiently alleged a claim for Intentional Interference. First, Defendants have failed to sufficiently allege "an economic relationship" between Defendants and any third party. *Marsh*, 200 Cal. App.4th at 504. Alleging that Defendants "were responsible" for Plaintiff's relationship with the Padres, or that Defendants "originated and helped facilitate" a project at Petco, does not sufficiently show an economic relationship between Defendants and the Padres. *See Soil Retention Prod. Inc. v. Brentwook Indus. Inc.*, No. 20-cv-2453, 2021 WL 689914, at *19 (S.D. Cal. Feb. 23, 2021)(dismissal warranted because plaintiff "never alleges which entities, if any, it was negotiating with, what the terms were, when the contracts were being negotiated . . . . and how much money, if any, Plaintiff lost as a result"). Similarly, Defendants merely allege they had a "business relationship" with Milholland and Sullivan, but they fail to give the necessary specification, such as what contracts were being negotiated with those parties and how much money Plaintiff lost. *Id.*

Finally, Defendants fail to sufficiently allege Plaintiff's "intentional, independently wrongful act." *Marsh*, 200 Cal. App. 4th at 504. "To establish a claim for interference with prospective economic advantage ... a plaintiff must plead that the defendant engaged in an independently wrongful act. An act is not independently wrongful merely because

defendant acted with an improper motive." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1158 (Cal.2003). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159. Here, Defendants merely allege that SunPower told the other entities "to stop working with Defendants" and that such comments were "disparaging." However, Defendants fail to allege that Plaintiff's statements were otherwise proscribed by some "constitutional, statutory, regulatory, common law," or any other determinable legal standard. *Id.* And to the extent that Plaintiff's statements sound in fraud, Defendants' allegations to that effect would be subject to Rule 9(b)'s heightened pleading standard; a standard that Defendants' current pleadings cannot satisfy. See *Vess V. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." (internal quotations and citations omitted)).

Accordingly, the motion to dismiss the Intentional Interference claim is **GRANTED WITH LEAVE TO AMEND**.

    2. Unjust Enrichment (Count IV).

Defendants assert they had an agreement with Plaintiff's authorized dealer, DST Construction, Inc. ("DST") and that DST "materially breached" the agreement by paying Defendants in bad checks. Defendants further allege that DST's breach somehow unjustly enriched Plaintiff. These allegations fail to state a claim for unjust enrichment.

First, under California law, "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.' " *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Admittedly, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution,' " *id.*, but there is also California case law holding that a plaintiff may not "pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012). Unjust enrichment is a quasi-contract claim that depends on the

absence of an express written contract covering the same subject matter. *Lance Camper Mfg. Corp. v. Republic Indemnity Co.*, 44 Cal. App. 4th 194, 203 (Cal. App. 2 Dist. 1996). Here, because Defendants have alleged a specific agreement with DST over the subject matter, this claim fails.

In addition, Defendants fail to allege that Plaintiff unjustly retained any benefit from Defendants. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)("The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another.") Here, Defendants merely allege that "part of the profits generated by the dealer" have been passed to Plaintiff <u>by the dealer</u>. But Defendants do not allege that Plaintiff unjustly received a benefit <u>from Defendants</u>. *See Am Video Duplicating, Inc. v. City of Nat'l Bank*, No. 20-cv-4036, 2020 WL 6882735, at *6 (C. D. Cal. Nov. 20, 2020)("The only benefit Defendants allegedly received – a lender fee – came from SBA, not from Plaintiff.").

Accordingly the motion to dismiss the Unjust Enrichment claim is **GRANTED WITH LEAVE TO AMEND.**

3. Declaratory Relief (Counts I & II).

Defendants seek a declaration that they have not infringed SunPower's trademark rights (Count I) and that Plaintiff's trademarks are invalid (Count II). These claims fail for several reasons. First, Defendants have not sufficiently alleged the *Sleekcraft*[1] factors to assess infringement or explain why Defendants' use of the SUNPOWER marks is non-infringing. Similarly, Defendants merely assert that "[e]ach of Plaintiff's alleged trademarks is invalid," but do not say why the marks are invalid. These threadbare recitals are insufficient. *Iqbal*, 566 U.S. at 678.

Second, the declaratory relief claims are duplicative of Plaintiff's trademark claims and Defendants' defenses to those claims, and therefore should be dismissed. Declaratory

---

[1] *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979).

relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231 (9th Cir. 1989) (*quoting Bilbrey by Bilbrey v. Brown,* 738 F.2d 1462, 1470 (9th Cir. 1984). It is appropriate to dismiss counterclaims where it presents an issue that has already been brought before the court. *Englewood Lending, Inc. v. G&G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009); *Sliding Door Co. v. KLS Doors, LLC,* No. EDCV 13-00196 JGB, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013). Here, Defendants' counterclaims for declaratory relief will be resolved once the Court determines the merits of Plaintiff's claims for trademark infringement. *See Applied Info. Scis. Corp. v. eBAY, Inc.,* 511 F.3d 966, 969 (9th Cir. 2007)(plaintiff asserting claims for trademark infringement cannot prevail without showing validity and infringement). Therefore, the declaratory relief claims are duplicative.

Accordingly, the motion to dismiss the declaratory relief claims is **GRANTED WITH LEAVE TO AMEND**. "Actually amending is not encouraged." *Springboards to Education, Inc., v. Families in Schools,* No. 17cv8348-MWF(EX), 2018 WL 6038291, at *5 (C.D. Cal. Feb. 9, 2018)(dismissing duplicative claims for declaratory relief in a trademark case).

CONCLUSION

For the reasons set forth above, the motion to dismiss Defendants' counterclaims is **GRANTED WITH LEAVE TO AMEND**. Defendants shall have until **July 30, 2021** to file amended counterclaims.

**IT IS SO ORDERED.**

Dated: July 2, 2021

Hon. Cathy Ann Bencivengo
United States District Judge